The TUCSON GAS, ELECTRIC LIGHT AND POWER COMPANY, a corporation, Appellant,

v.

TRICO ELECTRIC COOPERATIVE, INC., a corporation, Appellee.

No. 17846.

United States Court of Appeals Ninth Circuit.

March 13, 1963.

Darnell, Holesapple, McFall & Spaid, Tucson, Ariz., Jennings, Strouss, Salmon & Trask, Phoenix, Ariz., for appellants.

Wolfe, Greer & Knez, and David K. Wolfe, Tucson, Ariz., for appellee.

Before POPE, HAMLEY and MERRILL, Circuit Judges.

HAMLEY, Circuit Judge.

This is an action to enjoin The Tucson Gas, Electric Light and Power Company (T G & E) from extending its electric distribution facilities and service into parts of two described sections of land in Pima County, Arizona. The plaintiff, Trico Electric Cooperative, Inc., (Trico) alleged, in effect, that it was already serving the area in question and that it held an exclusive certificate of convenience and necessity from the Arizona Corporation Commission (Commission) covering that territory.

The suit was commenced in the Superior Court of the State of Arizona in and for the County of Pima. Trico obtained in that court, ex parte, a temporary restraining order against such an extension by T G & E, and an order to show cause. At this point T G & E obtained removal of the action to the District Court of the United States for the District of Arizona, on the ground of diversity of citizenship. The company then filed its answer.

Trico moved in the district court for a summary judgment in its favor. While this motion was pending T G & E filed with the Commission an application for an amendment and clarification of its existing certificates to include the area involved in this suit. The Commission proceeding thus instituted was docketed by that agency as Docket No. 10011–E–1081.

Summary judgment in favor of Trico was entered in the district court on July 11, 1961. T G & E was permanently en-

joined "unless and until defendant shall hereafter obtain from Arizona Corporation Commission a Certificate of Convenience and Necessity authorizing it to do so," from extending its electric distribution facilities and service into the contested area.

Appealing to this court, T G & E contends: (1) the district court lacked jurisdiction over the subject matter because the Commission which had not theretofore acted in the matter had exclusive primary jurisdiction; (2) there were genuine issues as to material facts, thereby precluding disposition of the cause by summary judgment; and (3) as a matter of law T G & E is entitled to extend its electric distribution facilities and service into the area in question without first obtaining a new certificate of convenience and necessity.

In its opening brief on appeal T G & E also calls attention to the fact that on August 10, 1962, which was subsequent to the entry of judgment herein, the Commission entered an order in its Docket 10011–E–1081. The effect of this Commission order, T G & E contends, was to immediately grant the company a certificate of convenience and necessity to serve the disputed area. T G & E argues from this that, by the terms of the judgment under review, that company is no longer enjoined from extending facilities and service into the area. Under these circumstances, appellant asserts, the proper disposition of the appeal is to remand it to the district court with directions to dissolve the injunction and dismiss the action.

In its answering brief, filed on December 31, 1962 Trico joins issue on the three contentions of T G & E enumerated above. It also challenges the assertion that T G & E has now obtained a certificate to serve the territory and thus, by the terms of the judgment, is relieved from the district court injunction. Trico asserts that on December 19, 1962, in an original mandamus proceeding entitled In re Application of Trico Electric Cooperative, Inc., et al; Corona De Tucson Inc., v. George "Duke" Senner, et al.,

92 Ariz. 373, 377 P.2d 309, the Supreme Court of the State of Arizona held invalid the Commission order of August 10, 1962. Trico argues that the provision of the district court judgment enjoining T G & E "unless and until" it obtains a new certificate covering the disputed area, means a valid certificate. Therefore, appellee contends, the Commission decision of August 10, 1962 should be disregarded and the injunction should be deemed still in effect.

Trico also calls our attention to the fact that the Commission order of August 10, 1962 is presently under direct review in the Superior Court of the State of Arizona in and for the County of Maricopa. Trico believes that, in view of the Arizona Supreme Court decision of December 19, 1962, the Maricopa County court will necessarily set aside the Commission order in question.

T G & E, on the other hand, does not believe the circumstances relied on by Trico establish the invalidity of the Commission order of August 10, 1962. Provisions of the Arizona constitution and statutes are cited for the proposition that the orders of the Commission "shall remain in force pending the decision of the courts." It is pointed out that there is yet no Arizona court decision expressly setting aside the August 10, 1962 Commission order. Needless to say, T G & E reads the Arizona Supreme Court decision of December 19, 1962 differently than does Trico.

It will be observed from the above résumé that circumstances occurring since entry of the judgment under review give rise to a preliminary question which must be decided before the enumerated specifications of error can be reached. If, as T G & E contends, the condition of the judgment whereby the company would be relieved from the injunction has been fulfilled, the appeal itself has become moot. T G & E asks us to rule that the condition has been fulfilled; Trico asks us to hold that it has not.

Among the questions which are presented by these counter-contentions are the following: (1) has the condition of

the injunction been fulfilled, taking into account, among other things, the initial intent of the district court, Arizona constitutional and statutory provisions relating to the standing of Commission orders pending court review, the pendency of a direct review proceeding in the Maricopa County court, and the decision of the Supreme Court of Arizona rendered on December 19, 1962; (2) if the condition of the judgment contemplates issuance of a valid Commission certificate, should the federal court in this proceeding proceed at once to determine whether the certificate of August 10, 1962 is valid, or should it, pursuant to the doctrine of abstention, withhold such a determination pending disposition of the proceeding now pending in the Maricopa County court; (3) if the condition of the judgment contemplates issuance of a valid certificate, and if it is appropriate for the federal court to inquire into the validity of the certificate of August 10, 1962, without awaiting the outcome of the Maricopa County court proceeding, is that certificate valid under Arizona law?

All of these questions are of a kind which ought first to be passed upon by the district court. That court is better able to explain the initially intended meaning of the condition contained in the judgment. This court can deal with these problems involving the law and perhaps the public policy of Arizona with more assurance if it can first have the views and conclusions of the United States District Court which serves that state.

These considerations convince us that the proper course is to remand this cause to the district court for consideration of the new issue as to whether, under the terms of the judgment and by reason of circumstances arising since the judgment was entered, T G & E has been relieved from the injunction. If the district court holds that T G & E has now been relieved from the injunction, the injunction should be dissolved and Trico may then appeal from the adverse ruling. If the district court holds that T G & E has not been relieved from the injunction, its conclu-

sions and order to that effect, brought up in a supplemental record, will reinstate the present appeal.

In the event of an appeal by Trico, the present record on appeal will be considered as a part of the record on the new appeal. Whichever way the case comes back to this court, if it does, the parties may rely on their present briefs, on appeal, supplemented as needed, and may indicate whether they desire further oral argument in this court.

Nothing said in this opinion is intended as an intimation of our views on the jurisdictional or substantive questions initially presented on this appeal, or on any of the problems to be considered in the district court in the remanded proceedings. The suggestion, above, as to the kinds of questions which will be involved in the remanded proceedings is not to be taken as a limitation on the questions which may be considered.

The cause is remanded to the district court for further proceedings consistent with this opinion.